# MARKER v. DUNN.

1. **Slander:** PLEAS IN MITIGATION: RULE NOT CHANGED BY CODE. Under § 2682 of the Code, the same matters only can be pleaded in mitigation, in actions of slander, which are recognized as such by law, independent of the Code.

2. ————: STATEMENTS UPON UNDISCLOSED AUTHORITY OF OTHERS: EVIDENCE. When slanderous words do not, on their face, purport to be spoken upon the authority of another, but are spoken as of the defendant's own knowledge, evidence is not admissible to show, in mitigation, that they originated with another.

3. **Practice in Supreme Court:** ERRORS ASSIGNED MUST BE ARGUED. In order to secure a consideration of errors assigned, counsel must present them in argument.

4. **Instructions:** ON ISSUES WITHOUT EVIDENCE: PARTY RAISING ISSUES CANNOT COMPLAIN. Where a party raises issues on which he fails to introduce any evidence, and he does not withdraw them from the case, he cannot complain if the court instructs the jury as to such issues.

*Appeal from Grundy Circuit Court.*

FRIDAY, APRIL 23.

ACTION to recover damages for slanderous words spoken by defendant of and concerning the plaintiff. The defendant pleaded a general denial, mitigating circumstances, and jus-

ification. Trial by jury, verdict for plaintiff, and judgment. The defendant appeals.

*Fred. Gilman*, for appellant.

*Dey & Thompson*, for appellee.

SEEVERS, J.—I. Thirty-six errors are assigned, but we will only consider such as are pressed by counsel in argument. It is somewhat difficult to ascertain the precise point in some instances relied on, but we understand counsel to complain of the action of the court in striking out a portion of the answer pleading mitigating circumstances. There was more than one motion of this character which was sustained, and amended pleadings filed. We shall only consider the last motion, for two reasons: Because—*First*, by filing an amendment after the prior motions had been sustained, the error, if one was committed, was waived; and, *second*, substantially, the last motion presents the same question as did those which had previously been sustained.

It is claimed, as we understand counsel, that section 2682 of the Code provides a new rule by which the sufficiency of a

1. SLANDER: pleas in mitigation: rule not changed by Code

plea in mitigation is to be tested. This may be true in matters of mere form, but no change is thereby made in matters of substance. That is to say, the same matters only can now be pleaded in mitigation which are recognized to be such by law, independent of the Code.

For the purpose of determining the question presented by counsel, it may be assumed that the words spoken by the

2. ——: mitigation: statements upon undisclosed authority of others: evidence.

defendant imputed that the plaintiff was of unchaste character. The defendant pleaded in mitigation of this charge, in substance, that there were a great many reports in the neighborhood where the plaintiff resided, which came to defendant's knowledge, that the plaintiff was a woman of unchaste character, and that it had been reported to him that

the plaintiff had been guilty of specific acts and conduct, which were set out, which tended to show that she was of unchaste character; and that he, without malice, repeated such reports. But it was not pleaded that the defendant gave his authority, or even stated that he had been so informed when he spoke the words. We understand the rule to be that when the libel does not, on the face of it, purport to be derived from any one, but is stated as of the witness' own knowledge, then evidence is wholly inadmissible to show that it was copied from a newspaper, or communicated by a correspondent. Odgers, Lib. & Sland, 303. "Particular acts or instances of misconduct cannot be proved, nor rumors and reports, unless they are so general and prevalent that they have affected the general character." 3 Suth. Dam., 679; *Forshee v. Abrams*, 2 Iowa, 571; *Fisher v. Tice*, 20 Id., 479; *Fountain v. West*, 23 Id., 9.

II. Substantially the only argument made in support of many of the errors assigned consists of a restatement of the assignment. The practice is that such errors will not be considered. If counsel are unable or unwilling to suggest cogent reasons in support of an alleged error, it is asking too much of the court that it assume the duty of counsel, and in fact, become such, to the extent of searching for reasons to sustain a given proposition. *Smith v. Hickenbottom*, 57 Iowa, 737; *Cassady v. Spofford*, Id., 237; *McKeever v. Jenks*, 59 Id., 300. We have, however, examined with some care the several objections made to the admission of evidence, and we are clearly of the opinion that none of them are well taken.

*3. PRACTICE in supreme court: errors assigned must be argued.*

III. The only objections to the instructions are to the sixth and seventh paragraphs of the charge. These paragraphs correctly state the issues presented in the pleadings in mitigation, but, as the defendant did not introduce any evidence in support of such issue, it is claimed that the court erred in so stating what had been so pleaded. That matters in miti-

*4. INSTRUCTIONS: on issues without evidence: party raising issues cannot complain.*

gation had been ·pleaded is undoubtedly true, and we think the court was justified in stating such issue. The defendant, at least, has no reason to complain. He did not withdraw the matter pleaded, but permitted it to remain on record.

Lastly, it is urged that the damages are excessive; but we are not prepared to so hold.

The judgment of the circuit court is

AFFIRMED.